LOMBARD, J.,
Dissenting.
|,I respectfully dissent.
The trial judge may grant a new trial to correct prejudicial errors which occurred during the proceedings, La.Code Crim. Proc. art. 851(2) & (4) or when the trial judge “is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.” La.Code Crim. Proc. art. 851(5). The trial judge has “much discretion” in ruling on a motion for a new trial and, upon review, this court may only set aside the judgment upon a finding that the trial judge exercised his discretion in an arbitrary manner. State v. Hammons, 597 So .2d 990, 994 (La.1992).
First, the trial judge determined that he erred in sustaining the State’s objection to allowing testimony by the defendant’s wife about the defendant’s actions immediately after the shooting as that constituted as denial of the defendant’s constitutional right to present a defense. See State v. Van Winkle, 94-0947, pp. 5-6 (La.6/30/95), 658 So.2d 198, 201-202. Even accepting arguendo the validity of the majority’s opinion that the defendant’s wife’s testimony would be “merely cumulative”, there is nothing in the record which indicates that the trial judge was arbitrary or abused his vast discretion in determining that his initial |2ruling was erroneous and may have impaired the defendant’s constitutional right to present a defense.
Next, the trial judge agreed with the defendant that the State made improper and repeated inducements to community sentiment and that he erred in denying the defendant’s motion for a mistrial due to improper argument. The majority, noting that the “actual statements made by the prosecutor are unknown because they are not transcribed” or recounted in the defendant’s motion for a new trial, determined that the statements were neither inflammatory enough to warrant reversal or to contribute to an erroneous verdict and found that the trial judge erred in granting a new trial on this basis. Again, it is difficult to understand how this court, without knowing the actual statements of the prosecutor, could find that the trial judge (who presumable heard the actual statements of the prosecutor) was arbitrary or abused his discretion in granting a new trial on the basis of the prosecutor’s statements.
The trial judge also determined that negligent homicide should have been read as a responsive verdict and, accordingly, that he erred in denying the defendant’s request to instruct the jury on the issue of criminal negligence. Pursuant to La.Code Crim. Proc. art 802, a trial judge should charge the jury, when properly requested, as to the law applicable to any theory of defense that the jurors could reasonably infer from the evidence. State v. Robert Jackson, 450 So.2d 621, 632 (La.1984). The majority finds, however, that the trial judge was wrong in granting a new trial on this basis because based on its reading of the transcript the defense presented was one of self-defense and, accordingly, there was no basis for the criminal negligence instruction. Again, this court’s determination that the defense theory was one of self-defense only — while perhaps correct— does not adhere to our standard of review in this matter, ie., was the trial judge’s judgment that he should not have denied the defendant’s request to instruct |3the jury on the issue of criminal negligence *697 either arbitrary or an abuse of his vast discretion? Although the court’s review of the record and the inferences drawn from the record may have been sufficient to find that the trial judge did not abuse his discretion in initially denying the defendant’s jury request, it does not support the majority’s decision that the trial judge’s determination that he erred in denying the instruction was arbitrary or an abuse of discretion.
The trial judge also determined that, although he initially denied the defendant’s motion for a mistrial, the medical procedure performed on the victim in the presence of the jury while the judge and attorneys were absent, constituted inappropriate jury contact that deprived the defendant of a fair trial. The majority found that, because the medical procedure was necessary and the defense attorney failed to question the jurors as to the impact of the performance of the procedure in their presence, the trial judge erred in granting a new trial. Again it appears that the majority fails to apply the applicable standard of review to the trial judge’s ruling on this issue. While the trial judge’s initial denial of a mistrial may have been upheld, there is nothing in the record to support a finding that the trial judge’s subsequent decision that a mistrial was warranted was either arbitrary or an abuse of discretion.
Clearly, under the applicable standard of review we must defer to the trial judge’s reasonable judgment in granting the defendant’s motion for a new trial. Moreover, in accordance with La.Code Crim. Proc. art. 851(5), even where the defendant may not be entitled to a new trial as a matter of strict legal right, the trial judge may grant a new trial. Thus, although a de novo review may yield a different outcome, nothing in the record — when reviewed under the applicable standard— supports the majority’s decision to overturn the trial judge’s decision to grant a new trial. Accordingly, I would deny the State’s application for supervisory writ and affirm the judgment of the trial judge.